**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| ROBERT NEWKIRK, | : | CIVIL ACTION NO. 1:16-CV-332 |
| | : | |
| Plaintiff, | : | Hon. Robert J. Jonker |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION | : | JURY TRIAL DEMANDED |
| and NORFOLK SOUTHERN RAILWAY | : | ORAL ARGUMENT REQUESTED |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION**
**AND NORFOLK SOUTHERN RAILWAY COMPANY'S**
<u>**MOTION TO EXCLUDE PLAINTIFF'S EXPERT, GEORGE GAVALLA**</u>

**ORAL ARGUMENT REQUESTED**

Filed on behalf of Defendants,
Consolidated Rail Corporation and
Norfolk Southern Railway Company

Counsel of Record for Defendants:

David A. Damico, Esquire
BURNS WHITE LLC
Burns White Center
48 26th Street
Pittsburgh, PA 15222
Telephone: (412) 995-2000
Facsimile: (412) 995-3300
dadamico@burnswhite.com

COME NOW Defendants, Consolidated Rail Corporation and Norfolk Southern Railway Company ("Defendants"), and move this Court for an order pursuant to under Fed. E. Evid. 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) for an order excluding the report and testimony of Plaintiff's expert, George Gavalla.

1. Plaintiff, Robert R. Newkirk ("Plaintiff"), brought this lawsuit pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 50 *et seq.* and the Locomotive Inspection Act ("LIA"), 49 U.S.C. §20701, *et seq.*, claiming that he developed injuries to his respiratory and pulmonary systems as a result of his railroad career with Defendants.

2. In support of his claim that Defendants violated the LIA, Plaintiff intends to offer the expert testimony of George Gavalla, a purported expert in railroad safety regulations regarding diesel exhaust in locomotives.

3. As more fully explained in the Memorandum of Law, based upon the evidence in the record, Mr. Gavalla's testimony must be excluded, as it does not meet the threshold requirements of reliable expert testimony under Fed. R. Evid. 702.

4. In support of this Motion, Defendants rely upon the pleadings in this matter, the appendix and affidavits filed with this motion, and the Memorandum of Law filed contemporaneously herewith.

5. As noted in the certificate filed connection with W.D. Mich. L.R. 7.1(d), there was a conference between attorneys for the parties in which Defendants explained the nature and legal basis of the instant motion, but did not obtain concurrence in the relief sought.

WHEREFORE, Defendants, Consolidated Rail Corporation Norfolk Southern Railway Company, respectfully request that this Court grant its motion and enter an order excluding the report, opinions, and testimony of George Gavalla.

       Respectfully submitted,

       **BURNS WHITE LLC**

       /s/  David A. Damico
       David A. Damico, Esquire
       Attorneys for Defendant,
       Consolidated Rail Corporation
       Burns White Center
       48 26th Street
       Pittsburgh, PA  15222
       (412) 995-3000
       dadamico@burnswhite.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2017, a copy of Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company Motion to Exclude the Report and Testimony of George Gavalla, Memorandum in Support and all other related documents were served on all counsel of record via efile.

BURNS WHITE LLC

/s/  David A. Damico
David A. Damico, Esquire
Attorneys for Defendant,
Consolidated Rail Corporation
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3000
dadamico@burnswhite.com